439 F.2d 699
 Anthony V. ALLESSANDRINI, a/k/a Tony Aless, Plaintiff-Appellant,
v.
AMERICAN FEDERATION OF MUSICIANS OF the UNITED STATES AND CANADA and Associated Musicians of Greater New York, Local 802, AFM, AFL-CIO, Defendants-Appellees.
 No. 361.
 Docket 35417.
 United States Court of Appeals, Second Circuit.
 Argued January 11, 1971.
 Decided March 18, 1971.
 
 Godfrey P. Schmidt, New York City, for plaintiff-appellant.
 Stephen C. Vladeck, Judick P. Vladeck, Vladeck, Elias, Vladeck & Lewis, New York City, for defendant-appellee American Federation of Musicians.
 Ashe & Rifkin, New York City, for defendant-appellee Local 802.
 Before WATERMAN, FRIENDLY and KAUFMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In 1966 plaintiff, claiming that he had been underpaid during the tenure of his employment by the Columbia Broadcasting System as a band conductor on the Jack Sterling radio program,* submitted the issue to arbitration under the aegis of the defendant unions. After a hearing, recovery was denied. No effort was made to set aside this award; rather, plaintiff instituted suit in a New York court against C.B.S. in which he sought substantially the same relief. The case was removed to the United States District Court for the Southern District of New York where Judge Tyler, ruling that the arbitration award was res judicata, granted summary judgment for C.B.S. No appeal was taken from this judgment.
 
 
 2
 Plaintiff then commenced the present action against the unions charging that they breached their duty to fairly represent him in connection with the C.B.S. arbitration. Judge Motley dismissed the complaint on the grounds that plaintiff was bound, under the doctrine of collateral estoppel, by Judge Tyler's decision that the arbitration was binding and hence plaintiff's claim against C.B.S. had been foreclosed. Now, by appealing from Judge Motley's dismissal of the complaint before us, he seeks to relitigate, by a charge of breach of fiduciary relationship, the very issue of the validity of the award, which Judge Tyler had decided adversely against him. Since we believe that plaintiff's present claim is barred by Judge Tyler's decision, which Allessandrini failed to appeal, we need not intimate any views on the further reasons given by Judge Motley for dismissing the complaint.
 
 
 3
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Plaintiff's union contract provided that a band leader would receive a salary 75 per cent greater than that of a sideman if the band consisted of six or more men including the leader; otherwise he would receive the same as a sideman. Aless was paid as a sideman. When production of the show switched from live performance to taped, plaintiff was dismissed. He claimed that as Sterling, the show's star, played the drums during every performance the band actually consisted of six men